IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS CROSLEY, et al., | |
| Plaintiffs, | No. C 05-04051 JSW |
| v. | **ORDER DENYING WITHOUT PREJUDICE LETTER REQUEST FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |
| CITY OF PITTSBURG, et al., | |
| Defendants. | |

The Court has received Plaintiffs' letter requesting leave to file a motion for reconsideration on the Court's Order Denying Plaintiff Crosley's Motion for Summary Judgment and Granting in Part and Denying in Part Defendants' Motion for Summary Judgment.

The form of Plaintiffs' request is improper. In general, apart from discovery disputes, this Court does not accept requests made by letter briefs. *If either party fails to comply with these requirements in the future, they are hereby put on notice that the Court shall disregard any requests made by letter.* Furthermore, Plaintiffs' letter does not enable the Court to make a reasoned decision as to whether or not leave to file a motion for reconsideration should be granted.

Rather, Plaintiffs should have filed a motion requesting leave to file a motion for reconsideration setting forth the authority on which they base their request for reconsideration and which shows:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory

order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

N.D. Civ. L.R. 7-9(b).

Furthermore, "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support or in opposition to the interlocutory order for which the party now seeks to have reconsidered. Any party who violates this restriction shall be sanctioned." *Id.* 7-9(c).

Therefore, the Court DENIES WITHOUT PREJUDICE Plaintiffs' request for leave to file a motion for reconsideration. In order to provide guidance to Plaintiffs, if they wish to renew their request, with respect to Plaintiff's Section 1983 claim premised on the alleged warrantless entry, nothing in the Court's Order precludes Plaintiff Crosley from arguing that she suffered damages as a result of the Defendant Officers' actions. However, should Plaintiffs seek reconsideration of the Court's ruling on Plaintiff Crosley's excessive force claim, to the extent that claim is premised on a Fourth Amendment violation, the Court notes that its ruling was premised upon a finding that she was not "seized," and the Court shall not revisit that finding.

The parties shall appear before Magistrate Judge James at 10:00 a.m. on December 21, 2007, as previously ordered.

**IT IS SO ORDERED.**

Dated: December 6, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2